BC  AXK

**25cv8784**
**Judge Wood**
**Magistrate Judge Jantz**
**RANDOM / Cat. 2**

RECEIVED
7/24/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS**

Camille Anderson, Plaintiff, v. ) Case No: TBD University Center of Chicago, Defendant. )

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983), ADA VIOLATIONS, RETALIATION, AND NEGLIGENCE**

**PARTIES:** Plaintiff: Camille Anderson, a resident of Chicago, IL, currently residing at University Center under National Louis University emergency housing.

Defendant: University Center of Chicago (UC), located at 525 S. State Street, Chicago, IL 60605.

**SUMMARY:** This complaint arises out of repeated failures by University Center (UC) to protect the Plaintiff from harassment, threats, and unsafe conditions while residing in emergency housing. The Defendant permitted hostile and dangerous individuals to remain in proximity to the Plaintiff, despite the existence of an Emergency Order of Protection, documented safety concerns, and repeated complaints. In addition, UC and associated staff retaliated against the Plaintiff and failed to follow basic due process, all while acting in cooperation with federally funded National Louis University (NLU).

**FACTS:**

1. In May 2025, Camille Anderson obtained an Emergency Order of Protection against roommate Lateria Walton due to credible threats. This order was extended by a judge until August 20, 2025.
2. Despite this order, Lateria Walton was allowed to remain in the same UC building. Plaintiff has continued to see her on the floor, placing her in fear and distress.
3. UC also allowed Stephanie Jackson, a second hostile roommate, to return to UC housing. Stephanie Jackson banged on Plaintiff's door, harassed her repeatedly, tried to force unwanted communication, and purposely turned off the apartment lights, placing Plaintiff and her roommate, Mehnaj Prapty, in unsafe conditions. Stephanie Jackson sent manipulative messages, contributed to a dangerous environment, and engaged in repeated harassment in violation of housing policy.
4. Both Camille Anderson's and Mehnaj Prapty's key cards were never reprogrammed for safety following the removal or reassignment of Lateria Walton and Stephanie Jackson. Both hostile parties retained access to common spaces and unit floors.
5. Faria Sultana, another individual with documented hostility toward Plaintiff, made a false and retaliatory Student Conduct report in an attempt to damage Plaintiff's employment and credibility. Faria Sultana was never removed from UC, and her card access remained unchanged despite formal move-out orders.
6. Mehnaj Prapty attempted to file a complaint with NLU staff (including TJ Martin), but was dismissed and discouraged. Her complaint was disregarded even

7. though she was a direct witness to Stephanie Jackson's and Faria Sultana's behavior.
8. UC issued a no-contact directive against the Plaintiff without a hearing, explanation, or due process. They falsely claimed Plaintiff had spoken with UC staff Ricardo Hamrick beforehand, which never occurred.
9. When Plaintiff met with Ricardo Hamrick, he admitted that NLU was aware of the no-contact directive in advance and suggested that NLU directed him to issue it. However, Ricardo Hamrick blamed NLU, while NLU's Craig Nance later claimed UC failed to provide his office with the original safety report or details of the knife incident.
10. On July 21, 2025, Craig Nance issued a findings letter to Plaintiff confirming that she was not found in violation of any conduct rules, but sidestepped institutional accountability by placing procedural gaps on UC.
11. As of July 24, 2025, both Lateria Walton and Stephanie Jackson remain active in UC housing. Despite repeated threats, no formal safety steps or protective housing changes have been implemented by UC.

*(Note: numbering in the document begins at 7; items are renumbered here as 7–10 in the source.)*

**CAUSES OF ACTION:**

1. **Violation of Due Process (42 U.S.C. § 1983)**
   - Defendant failed to notify Plaintiff or hold a hearing before issuing a disciplinary directive.
   - Defendant relied on false information and denied Plaintiff the opportunity to respond.
2. **Violation of the Americans with Disabilities Act (ADA)**
   - Plaintiff has PTSD and was placed in unsafe environments.
   - Defendant failed to provide accommodation or protection.
3. **Retaliation**
   - After Plaintiff made protected reports, she was targeted with flagging and directives.
   - Hostile roommates were allowed continued access; Plaintiff was penalized instead.
4. **Negligence**
   - Failure to protect Plaintiff despite known risks and a court order.
   - Reckless disregard for key card reprogramming and roommate placement safety.

**PRAYER FOR RELIEF:** Plaintiff respectfully requests that the Court:

- Grant compensatory damages for emotional distress and violation of rights
- Award punitive damages against University Center
- Grant injunctive relief requiring UC to adopt safety and housing reforms
- Award Plaintiff costs, legal fees, and any other relief deemed just and proper

**Submitted on:** July 24, 2025

**Camille Anderson** Plaintiff, Pro Se

525 S. State Street Apt 433

Chicago Illinois 60605